## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Dionyeus Britt, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information associated with a telephone number that is associated with IP Address 2607:fb90:e15a:f92:adea:13cf:5bc3:c4f, time stamp 9/16/2020 Time: 2:28:08 UTC+00:00, subscribed to by an unknown subscriber (the "Target Cell Phone"), whose service provider is T-Mobile US, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3.      I am a Deputy U.S. Marshal with the U.S. Marshals Service ("USMS"), and have been since July, 2018. I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 of the United States Code, Section 2510(7), and I am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18 of the United States Code, Section 2516. I hold a Bachelor of Science degree in criminal justice. I am currently assigned to the Eastern District of New York - Brooklyn office. I am temporarily assigned

to assist the Midwest Violent Fugitive Task Force during the Operation LeGend mission. Throughout my career I have conducted multiple state and federal investigations involving violent offenders.

4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.      Based on the facts set forth in this affidavit, there is probable cause to believe that Jeremiah Simpson has violated 18 U.S.C. § 3142, violation of pre-trial release. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in locating and arresting Jeremiah Simpson, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## JURISDICTION

6.      The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7.      The United States, including the USMS, is conducting a fugitive investigation to locate Jeremiah Simpson (SIMPSON).

8.      Jeremiah Simpson (SIMPSON) was indicted in the Western District of Missouri on October 3, 2018, for possession of a firearm in furtherance of a drug trafficking crime, drug user in possession of a firearm, and possession of a controlled substance. On May 11, 2020, U.S. Pretrial

2

Services Officer Tara L. Westerhof requested a warrant be issued for SIMPSON due to violations of his pretrial release.

9. On May 8, 2020, SIMPSON was arrested by a Lee's Summit Police Officer who was dispatched to a local Pizza Hut and observed SIMPSON passed out behind the wheel of a car in the drive-through line. The officer reportedly saw and smelled marijuana coming from the vehicle, and observed SIMPSON's eyes were red. SIMPSON was detained thereafter and the vehicle was searched. The vehicle search resulted in the discovery of other illegal drugs, a firearm, digital scales, and $8,643 cash on SIMPSON's person. His arrest on May 8, 2020 violated his conditions of release.

10. In furtherance of the fugitive investigation, other investigators and I conducted law enforcement, commercial, and open source database inquiries for information concerning SIMPSON'S whereabouts. Subsequent investigation, open source data analysis, and investigation interviews revealed a Facebook profile for SIMPSON, "Rock Osama (Jrock Mdr)"; http://www.facebook.com/profile.php?id=100016692097624; more specifically, the contact information listed in the account is https://www.facebook.com/jamie.stpatrick.96. The profile contained numerous photographs of a person who exactly matches SIMPSON's likeness, and the information posted on the public portion of the account is also consistent with SIMPSON's ties to Kansas City, Missouri.

11. On September 9, 2020, DUSM Britt obtained a PenTrap warrant for Facebook account Rock Osama (Jrock Mdr), an account belonging to SIMPSON. DUSM Britt reviewed the account and identified SIMPSON in numerous photos and videos posted on various dates within September 2020. DUSM Britt compared those photos and videos to prior arrest booking photos of SIMPSON and confirmed that the photos posted on the account are those of SIMPSON. In

3

addition, DUSM Britt observed numerous photos of Raven Lee (identified as SIMPSON's girlfriend with whom he recently resided) on the account, as well as a separate post mentioning SIMPSON's first name, Jeremiah, in a comment. Search warrants were granted by the Western District of Missouri and served on Facebook on September 11, 2020. The results of the search warrants produced a Facebook business record and IP address logs associated with the account. The Facebook business record established the account was active and provided a cell phone number verified by the account holder on February 16, 2019. DUSM Britt's investigation, in conjunction with law enforcement reports and documents, confirmed the cell phone number on the Facebook business record as the same number used previously by Jeremiah Simpson. The IP address logs produced unique numerical labels which demonstrated a specific service provider device was used to connect to the Facebook account on various dates and times. Several open source methods were used to confirm the unique numerical labels within the IP address logs are associated with T-Mobile.

12. In my training and experience, I have learned that T-Mobile US is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some

4

cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

13.     Based on my training and experience, I know that T-Mobile US can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile US's network or with such other reference points as may be reasonably available.

14.     Based on my training and experience, I know that T-Mobile US can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile US typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

15.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

16.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until

30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

17.     I further request that the Court direct T-Mobile US to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile US. I also request that the Court direct T-Mobile US to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile US's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile US's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The USMS shall compensate T-Mobile US for reasonable expenses incurred in furnishing such facilities or assistance.

18.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

19.	I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Case 4:20-sw-00366-JTM   Document 1-1   Filed 10/01/20   Page 7 of 8

Respectfully submitted,

Dionyeus Britt
Deputy U.S. Marshal
U.S. Marshals Service

Subscribed to and ~~sworn before me~~ on  1st  day of  October  , 2020.

Sworn to by phone

HONORABLE SARAH W. HAYS
United States Magistrate Judge
Western District of Missouri

8